NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-728

STATE OF LOUISIANA

VERSUS

JOSEPH HUNTER CONSTANCE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 7966-19
HONORABLE CLAYTON B. DAVIS, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Shannon J. Gremillion, Jonathan W. Perry, Charles G. Fitzgerald, Judges.

CONVICTION AND SENTENCE AFFIRMED.

**Todd S. Clemons**
**1740 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 477-0000**
**Counsel for Defendant/Appellant:**
  **Joseph Hunter Constance**


**Stephen C. Dwight**
**District Attorney**
**14th Judicial District**
**Karen C. McLellan**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 600**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**Counsel for Appellee:**
  **State of Louisiana**

**FITZGERALD, Judge.**

In the matter before us, Joseph Hunter Constance ("Defendant") appeals his conviction and sentence for second degree rape.

## PROCEDURAL HISTORY

On February 13, 2019, Defendant was arrested for allegedly raping a thirteen-year-old girl. Defendant formally confessed to police within hours of his arrest.

Five weeks later, in March 2019, Defendant was indicted on one count of second degree rape in violation of La.R.S. 14:42.1. Thereafter, in July 2019, Defendant filed a motion to suppress his confession. The hearing on this motion was held in October 2019. The trial court granted the motion from the bench, specifically finding that law enforcement had violated Defendant's rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602 (1966).

A two-day jury trial was eventually held in April 2022. The jury unanimously found Defendant guilty as charged. A few weeks after that, the trial court sentenced Defendant to forty years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant now appeals.

On appeal, Defendant asserts the following assignmets of error:

1.     The trial court erred when it prohibited defense counsel from cross examining the alleged victim regarding statements that she made during her [Child Advocacy Center ("CAC")] video thereby depriving Defendant of a full cross examination and a fair trial.

2.     The trial court's ruling that the alleged victim's unredacted CAC interview, which contained other crimes evidence, was admissible constitutes reversible error.

3.     The trial court's restrictions on defense counsel's closing argument violated Defendant's constitutional right to due process.

4.     The trial court's obvious and clear bias during the defendant's trial violated his constitutional right to a fair trial and impartial tribunal.

## I.  Errors Patent

Pursuant to La.Code Crim.P. art. 920, we review the face of the record for errors patent.  Having found no errors patent in this case, we proceed directly to the assignments of error.

## II.  First Assignment of Error

As noted above, Defendant's first assignment contends that the trial court erred by not allowing defense counsel to cross-examine the victim regarding certain statements that she made during her CAC interview.  "The ruling of the trial court as to the scope and extent of cross-examination should not be disturbed absent an abuse of the court's broad discretion." *State v. Draughn*, 05-1825, p. 48 (La. 1/17/07), 950 So.2d. 583, 616, *cert. denied*, 552 U.S. 1012, 128 S.Ct. 537 (2007).

Before going further, a summary of the evidence adduced at trial is necessary. The victim is A.S.[1]  She was thirteen years old at the time of the offense.  The State's evidence consists primarily of the trial testimony of A.S., two CAC interviews of A.S., and three jail calls between Defendant and his former girlfriend.

At trial, A.S. testified that her older sister, Alyssa Johnson, and Defendant were in a relationship and living together.  One evening in December 2018, A.S. and her younger sister, Emily, were invited to spend the night with the couple. According to A.S., Alyssa was pregnant at that time and went to bed early. Meanwhile, A.S. and Emily remained in the living room with Defendant.  Later that evening, Emily fell asleep on the couch, and A.S. retired to the guestroom.  A.S.

---

[1] Because of her age, the victim is identified by her initials in accordance with La.R.S. 46:1844(W).

testified that at some point after going to bed, Defendant entered the guestroom and ultimately raped her.[2]

A.S. did not immediately report the rape. She testified that Defendant threatened to harm her and her sister Alyssa if she told anyone, and she was afraid to report. But a few weeks after the rape, Emily, who was eleven years old, underwent a medical procedure. And while heavily medicated, Emily revealed that Defendant had engaged in inappropriate behavior with her. A.S. testified that this revelation prompted her to report the rape; she wanted to protect her younger sister from potential harm.

After reporting the rape, A.S. underwent two CAC forensic interviews. The interviews were substantially the same with some details more developed in the second. Specifically, in the second interview, A.S. reported that her sister Alyssa was back in a relationship with Defendant and that Defendant beats Alyssa.

While in jail, Defendant participated in three separate phone calls with Alyssa. During the first call, Defendant acknowledged having sex with someone while Alyssa was asleep in the home. In the second call, there was further discussion of the incident. And although A.S. is not specifically named, Alyssa was upset about who Defendant had sex with, stating that "[i]t could have been anyone else, and I wouldn't, but that is disgusting," and claiming it made her throw up. In the third call, Defendant acknowledged that the person he had sex with was on her stomach and that he ejaculed on her back, just as A.S. had described in her CAC interview.

Now turning back to Defendant's first assignment of error. A defendant has a constitutional right to confront his accuser under U.S. Const. art. VI and La.Const.

---

[2] The details of the rape are vivid and disturbing. Because Defendant is not challenging the sufficiency of the evidence, we have decided to omit those details from this opinion.

3

art. 1, § 16. But that right is not without limitations. For instance, La.Code Evid. art. 611 states in relevant part:

> **A. Control by court.** Except as provided by this Article and Code of Criminal Procedure Article 773, the parties to a proceeding have the primary responsibility of presenting the evidence and examining the witnesses. The court, however, shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to:
>
> > (1) Make the interrogation and presentation effective for the ascertainment of the truth;
> >
> > (2) Avoid needless consumption of time; and
> >
> > (3) Protect witnesses from harassment or undue embarrassment.

Here, Defendant points to the first CAC interview. According to Defendant, A.S. stated during this interview that she told Defendant she "wasn't trying to get pregnant." Thus, because the trial court did not allow defense counsel to question A.S. about that statement, Defendant asserts that he was deprived of his right to "full cross-examination and a fair trial." We disagree.

Significantly, during the CAC interview, A.S. never stated that she told Defendant that she was not trying to ger pregnant. Instead, the video reflects that A.S. was commenting to the interviewer that she was not trying to get pregnant during the rape. It was simply a comment made by A.S. to the interviewer during the first foreinsic interview.

Thus, Defendant's first assignment falls squarely under La.Code Evid. art. 611(A)(1), which requires the trial court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . [m]ake the interrogation and presentation effective for the ascertainment of the truth[.]" The trial court here determined that defense counsel was attempting to impeach A.S. by misstating evidence to make it appear as though A.S. had changed

4

her story.  The trial court did not abuse its discretion in excluding this line of questioning.  Defendant's first assignment of error is therefore without merit.

### III.  Second Assignment of Error

In his second assignment of error, Defendant asserts that the trial court erred in admitting into evidence the second CAC video interview because it contained other crimes evidence.  The other crimes evidence, according to Defendant, was a comment by A.S. that Defendant beats Alyssa.

The issue arose during opening statements when defense counsel referred to A.S. as a "liar" and the creator of a "false rape claim."  Defense counsel placed much emphasis on the believability of the victim, a thirteen-year-old girl, because she waited two months to report being raped.  Defense counsel then called the jury's attention to the CAC video interviews.  And after defense counsel specifically referred to the second interview, the State asked for a bench conference.

During the bench conference, the State notified the trial court that it had not intended to introduce the second interview, but defense counsel's statements about that interview now necessitated its introduction.  The State then explained that it did not have an unredacted version of the second interview.  In response, defense counsel objected to the introduction of an unredacted version, specifically arguing that A.S.'s comment about Defendant beating his girlfriend was irrelevant and unfairly prejudicial.  The trial court disagreed and admitted the unredacted second interview into evidence.

On appeal, Defendant contends that the disputed comment "had absolutely no probative value or relevance to the crime [Defendant] was being tried for."  According to Defendant, the unredacted video should have been excluded under La.Code Evid. art. 403, which states as follows: "Although relevant, evidence may

5

be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." We disagree.

"The trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion." *State v. Miles*, 402 So.2d. 644, 647 (La.1981).

Here, defense counsel focused the jury's attention on the credibility of A.S. and the truthfulness of her testimony. In our view, the single offhand remark that Defendant beat his girlfriend is highly relevant to the issue of why A.S., a thirteen-year-old victim, might delay in reporting the rape, especially given A.S.'s testimony that Defendant had threatened to hurt Alyssa if she told anyone.

In sum, the trial court did not abuse its discretion in admitting the second CAC interview. The interview was relevant to the credibility of the victim. And the probative value of the interview, including A.S.'s comment that Defendant beat his girlfriend, was not substantially outweighed by the danger of unfair prejudice to Defendant. Thus, Defendant's second assignment of error is without merit.

## IV.    Third Assignment of Error

In his third assignment of error, Defendant contends that the trial court violated his right to due process when it prohibited defense counsel from discussing during closing argument what the defense considered was a lackluster investigation on the part of law enforcement.

Once again, the appropriate standard of appellate review is abuse of discretion. *State v. Casey*, 99-23, p. 17 (La. 1/26/00), 775 So.2d. 1022, 1036, *cert. denied*, 531 U.S. 840, 121 S.Ct. 104 (2000) ("[T]he trial judge has broad discretion in controlling the scope of closing arguments.").

6

Defense counsel in his opening statement attacked law enforcement's investigation as inadequate. And during the testimony of Detective Kara Adams, the lead detective in the case, defense counsel raised multiple investigative steps law enforcement could have taken but did not. Accordingly, prior to closing arguments, the trial court informed Defendant that he would not be able to reference the investigation:

> Now, there's the issue of evidence regarding police work that was not performed in the case, and I think we know why police work was not performed in the case, so I'm not going to allow the defendant to argue in closing the issue about, well, the police didn't do this or they didn't do that as far as their investigation; because the door was really opened in evidence to respond to that.
>
> In theory, the State could call a rebuttal witness to respond to that. I don't want to go down that road. I'd rather just leave it as it is but limit the damage, so-to-speak, by preventing the defense from having it both ways. You can't have it both ways. You can't suppress the evidence, and then talk about, "Well, they didn't do this, and they didn't do that." Is that clear?

As stated previously, Defendant formally confessed to the crime within hours of his arrest. But months later, that confession was suppressed following a contradictory hearing. With this in mind, the trial court noted that law enforcement's failure to follow up with forensics or further investigation after the confession was understandable and a natural outcome of the circumstances given that the officers had the evidence they needed at that point. And as the trial court put it:

> To stand up in front of this jury and say [that law enforcement] didn't do what they should have done, they should have done more, there was more evidence, blah, blah, blah, that is a half truth, and it's misleading because the police shut it down, because they had everything they needed. Why would you do more?

The scope of the closing argment is addressed by La.Code Crim.P. art. 774, which states:

> The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
>
> The argument shall not appeal to prejudice.
>
> The state's rebuttal shall be confined to answering the argument of the defendant.

In this instance, the trial court's ruling was nothing more than an exercise of its discretion to prevent defense counsel from purposely confusing the jury about why law enforcement limited its investigation following Defendant's arrest. The trial court did not abuse its discretion. This assignment of error is also without merit.

## V.    Fourth Assignment of Error

In his fourth and final assignment of error, Defendant asserts that "[t]he trial court's obvious and clear bias during Defendant's trial violated his constitutional right to a fair trial and impartial judge." In support, Defendant relies on the previously complained of rulings against him, as well as unverifiable claims that the trial court would "glare at defense counsel" during cross-examination and that other attorneys commented on the trial court's attitude toward the defense.

In response, the State argues that this assignment of error was not preserved for appeal, citing La.Code Crim.P. art. 841(A):

> An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.

The State also notes that the first and fourth circuit courts of appeal have determined that claims of judicial bias that are raised for the first time on appeal are

not properly preserved. For example, in *State v. Mellion*, 21-1116 (La.App. 1 Cir. 4/18/22), 342 So.3d. 41, *writ denied*, 22-732 (La. 6/22/22), 339 So.3d 1186, c*ert. denied*, 143 S.Ct. 319 (2022), the first circuit concluded that the defendant's claim of judicial bias was not preserved when he failed to file a motion to recuse at the trial court level. Likewise, in *State v. Brown*, 17-124 (La.App. 4 Cir. 12/12/17), 234 So.3d. 978, *writ denied*, 18-10 (La. 6/15/18), 257 So.3d. 678, the fourth circuit declined to consider a claim of bias by the trial judge that was raised for the first time on appeal.

In the case before us, Defendant's claim of judicial bias was not raised in the trial court; the claim is being raised for the first time here on appeal. Consequently, it is untimely and will not be considered.

## DECREE

For the above reasons, the conviction and sentence of Defendant, Joseph Hunter Constance, are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.